ORLANDO R. MÉNDEZ, Plaintiff and Appellant, *v.* PUERTO RICO CIVIL SERVICE COMMISSION, Respondent and Appellee.

No. 6087.   Argued May 4, 1932.—Decided May 19, 1933.

*H. B. Llenza* for appellant.   *Charles E. Winter, Attorney General,* and *F. Janer, Assistant Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Méndez, a civil engineer graduated from the University of Michigan, and authorized to practice his profession in the Island of Puerto Rico, applied to the district court for a writ of mandamus to compel the Civil Service Commission to include his name in the lists of eligibles. The district court, after a hearing, quashed an alternative writ previously issued and dismissed the petition. The question is whether Act No. 33, approved April 23, 1929, Session Laws, p. 208, was repealed by Act No. 88, approved May 11, 1931, Session Laws, p. 534.

By the terms of Act No. 83, approved July 23, 1921, Session Laws, p. 728, the members of certain trades and professions, holding diplomas or degrees and authorized to carry on their trades or practice their professions in Puerto Rico, were granted the privilege of demanding that their names be included by the Civil Service Commission in its lists of eligibles for appointment to positions in the Government service. The Act of 1929 added civil engineers to this privileged class. The Act of 1931, entitled "An Act to create the Porto Rico Civil Service Commission and outline its duties and functions; to regulate and improve the Civil Service of Porto Rico; to repeal the Civil Service Act approved March 14, 1907, as amended, and for other purposes", was a complete revision of the law governing matters within its purview. All laws or parts of laws in conflict therewith were thereby repealed. Section 4 enumerates the different classes of public officers and employees comprised in the unclassified service, and provides that "the Governor of Porto Rico may exempt from free competitive examination any officer or employees, after consultation with the Civil Service Commission, but subject to disapproval by the Legislature." Subdivision eight of section 10, makes it the duty of the commission "(8) To prepare and hold open competitive tests to determine the relative fitness and qualifications of persons who seek employment in any class of positions in the classified service and as a result thereof to establish employment and reemployment lists for the various classes of positions."

The law of 1921, both as originally enacted and as amended in 1929, was in substance and effect an amendment of the law of 1907. The comprehensive revision of 1931, was obviously intended as a complete substitute for the law of 1907, as amended. The authority conferred upon the Governor by section four covers the same ground as did the law of 1929. It is broader in its scope than was the law of 1929 in that the contemplated exemption is not confined to the classes enumerated in that law. Beyond this, the only practical dif-

ference is that instead of conferring upon certain privileged classes an absolute right to enrollment as eligibles without submitting to the test of competitive examination, the question of exemption from such a test in any particular case, is left to the discretion of the Governor, subject to disapproval by the Legislature. If in addition to this exception to the general rule, the Legislature had intended to continue in force the law of 1929, some evidence of that intention would be found in the law of 1931. In the absence of any saving clause or other reference to the law of 1929 we can not say that the district court erred in holding that it had been repealed by the later enactment.

The judgment appealed from must be affirmed.